**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| MARRON MAURICE MCWILLIAMS and | § | |
| GWENDOLYN WINETT MCWILLIAMS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-1316 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | With Jury Demand Endorsed |
| | § | |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Marron Maurice McWilliams and Gwendolyn Winett McWilliams ("Plaintiffs"), by and through counsel, for their Complaint against Defendant Select Portfolio Servicing, Inc. ("SPS" or "Defendant"), state as follows:

### I. INTRODUCTION

1.      Defendant has engaged in willful, malicious, coercive, deceptive and harassing actions against Plaintiffs in furtherance of Defendant's efforts to illegally collect from Plaintiffs, *in personam*, a debt that was included in their bankruptcy case, while Defendant knew the real property securing the debt had been surrendered in Plaintiffs' Chapter 13 Plan, the Property was listed as being surrendered in Plaintiffs' Statement of Intention when the case was converted to Chapter 7, and Plaintiffs were protected by the bankruptcy's automatic stay and then the discharge injunction.  Plaintiffs allege that during the bankruptcy, Defendant repeatedly called Plaintiffs on their cell phones and sent monthly billing statements and other correspondence, despite the fact that the automatic stay was in effect.  Plaintiffs allege that the harassment continued despite a written cease and desist letter to Defendant from Plaintiffs' bankruptcy attorney.

2.      Plaintiffs claim Defendant violated: 1 ) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy, 3) the automatic stay; and 4) the discharge injunction of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.  Plaintiffs seek to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3.      Plaintiffs are natural persons residing in Tarrant County, Texas, and they are "consumers," as defined by the TDCA, Tex. Fin. Code § 392.001(1).

4.      Defendant is a foreign corporation that may be served by delivering a summons to Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5.      Defendant is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3), (6),(7).

6.      The debt at issue Defendant was attempting to collect from Plaintiffs was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

## III. JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 1367.

8.      Venue is proper in this district, because Defendant transacts business in this district, the bankruptcy was filed in this district, and the conduct complained of occurred in this district.

### IV. FACTUAL ALLEGATIONS

**A.    Plaintiffs Filed a Chapter 13 Bankruptcy Case Which Was Later Converted to Chapter 7, Surrendered the Collateral Property and Received a Discharge of Their Personal Liability for the Subject Debt.**

9.     On October 9, 2015, Plaintiffs filed a Chapter 13 bankruptcy in case number 15-44109-rfn13 (the "Bankruptcy Case") in the Northern District of Texas Bankruptcy Court, Fort Worth Division (the "Bankruptcy Court"), and listed Defendant on Schedule D as a secured creditor with account number ending in 3845 (the "Account"), secured by property at 3501 Carriage Hills Drive, Fort Worth, Texas 76140 (the "Property").

10.     A true and correct copy of relevant portions of Plaintiffs' Schedule D is attached hereto as Exhibit "A."

11.     On October 26, 2015, Plaintiffs filed with the Bankruptcy Court their **DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION**, identifying, in **Section "F.    SECURED CREDITORS--COLLATERAL TO BE SURRENDERED**," the Property as collateral to be surrendered to Defendant as the creditor.  Defendant never filed a proof of claim thereby waiving any objection to how the debt was listed on Plaintiffs' Schedules or how it was treated in Plaintiffs' Chapter 13 Plan.

12.     A true and correct redacted copy of Plaintiffs' confirmed Chapter 13 Plan confirmed by the Court on December 15, 2015 is attached hereto as Exhibit "B."

13.     On August 5, 2016, Plaintiffs voluntarily converted their case to one under Chapter 7 and listed Defendant on Schedule D as a secured creditor of the Account and that the Property was to be surrendered.

14.     A true and correct copy of relevant portions of Plaintiff's Chapter 7 Schedule D is attached hereto as Exhibit "C."

15.     On August 11, 2016, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant, by first class mail.  The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362.  The United States Postal Service did not return the 341 Notice sent to Defendant, creating a presumption it was received by Defendant.

16.     On September 1, 2016, Plaintiffs filed their Statement of Intention for Individuals Filing Under Chapter 7 indicating that they were surrendering the Property which relieved Defendant from any and all legal duty under any state or federal statute to send Plaintiffs notices concerning the Property other than what was necessary to foreclose its security interest therein. To the extent Defendant alleges it had to send Plaintiff loan-related communications pursuant to the Truth in Lending Act, Regulation Z, 12 CFR 1026 ("TILA" or "Regulation Z") wholly fails, as Regulation Z only pertains to sending periodic statements, not all of the types of letters at issue here.  At all relevant times, Defendant was exempt from Regulation Z requirements to send periodic statements to the Plaintiffs, according to applicable Regulation Z exemptions pertaining to sending statements on residential mortgage loans to consumers in bankruptcy.  Plaintiffs filed a Statement of Intention which gave notice to the Defendant that the Property was to be surrendered.

17.     A true and correct copy Plaintiffs' Statement of Intention is attached hereto as Exhibit "D."

18.     On February 15, 2017, the Bankruptcy Court issued an order granting Plaintiffs a discharge ("Discharge Order").  The Discharge Order followed Official Form 318, including the explanatory language contained therein.  The Discharge Order discharged Plaintiffs from any liability for the debt created by the Account.  Included with the Discharge Order was an

explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally.  Creditors who violate this order can be required to pay debtors damages and attorney's fees."

19.     A true and correct redacted copy of Plaintiffs' Discharge Order is attached hereto as Exhibit "E."

20.     On February 17, 2017, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to Defendant by first class mail.  This mailing, which was not returned, constituted notice to Defendant of the discharge granted in Plaintiffs' Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

21.     At no time during the pendency of Plaintiffs' Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the claim on the Account listed on either Schedule D.

22.     At no time did Defendant object to Plaintiffs' Chapter 13 Plan that was confirmed on December 15, 2015.

23.     At no time did Plaintiffs reaffirm the debt on the Account with any person or entity.

24.     At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.    During Plaintiffs' Bankruptcy Case and After They Had Surrendered the Property, Defendant Made Harassing Contacts with Plaintiffs and Attempted to Collect the Debt from Them.**

25.    While Plaintiffs' Bankruptcy Case was pending and after they surrendered the Property, while the automatic stay was in effect, Defendant contacted Plaintiffs about the Account to coerce or deceive them into making payments on the Account, by: 1) calling Plaintiffs numerous times; and 2) sending Plaintiffs mortgage statements with payment coupons, notices and other correspondences.

**1)    During the Bankruptcy Case, Defendant Made Prohibited Calls and Sent Correspondence to Plaintiffs**.

26.    Beginning on or about October 10, 2015, Defendant's employees or agents called Plaintiffs on their cell phones and their landline on numerous occasions regarding the Account, their intentions, asking for payments or other actions to benefit Defendant.  Plaintiffs objected to these calls and on numerous occasions advised the callers of the bankruptcy and automatic stay and asked them not to contact them about the Property or the Account.  Defendant also left messages when the Plaintiffs did not answer which stated the calls were related to an attempt to collect a debt.  During some of the calls, Plaintiffs told Defendant to stop calling them as they had filed bankruptcy and told Defendant's representatives to contact their bankruptcy lawyer.  When Defendant called Plaintiffs, the caller id came up as an unknown number.

27.    On August 23, 2016 at 2:36 p.m., Defendant's representative called Plaintiffs on their cell phone for the purpose of seeking to collect payment on the discharged debt.

28.    On September 28, 2016 at 2:56 p.m., Defendant's representative called Plaintiffs on their cell phone for the purpose of seeking to collect payment on the discharged debt.

**C.    After Plaintiff's Bankruptcy was Discharged, Defendant Made Harassing Contacts with Plaintiffs and Attempted to Collect the Debt from Them.**

29.    Following the February 15, 2017 entry of the Discharge Order in Plaintiffs' Bankruptcy Case, Defendant engaged in prohibited debt collection activity against Plaintiffs on the Account by sending correspondences, notices, and billing statements, to coerce and deceive Plaintiffs into paying on the discharged debt or take actions to financially benefit Defendant to their detriment.

30.    On or about May 16, 2017, Plaintiffs' attorney sent Defendant a cease and desist letter reminding Defendant of the bankruptcy and demanding it cease their continued attempts to collect the discharged debt.

31.    A true and correct redacted copy of the cease and desist letter is attached hereto as Exhibit "F."

32.    After the cease and desist letter was sent, Defendant continued to call Plaintiffs until the Property was foreclosed in August of 2017.

### V.  GROUNDS FOR RELIEF - COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

33.    Plaintiffs repeat, re-allege, and incorporate by reference the foregoing paragraphs, as if fully rewritten here.

34.    Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

   a)    Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law.  Inasmuch as: 1) the bankruptcy automatic stay and discharge injunction prohibit anyone from attempting to collect debts included or discharged in bankruptcy, *in personam*; and 2) the common law protects Plaintiffs' privacy rights, Defendant's actions against Plaintiffs also violated the TDCA.  They were threats of further illegal and harassing collections and contacts from Defendant to Plaintiffs in violation of the TDCA;

-7-

b)    Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiffs' debt. Defendant misrepresented to Plaintiffs, through telephone calls, statements and letters representing that there were periodic payments due and owing by a specific date, with fees accruing and that the Account, which had been discharged, was past due and owing were to deceive Plaintiffs into paying the discharged debt.   These were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA;

c)    Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs; Defendant intentionally tried to coerce or deceive Plaintiffs into paying the debt, while Defendant knew the Account was included in Plaintiffs' bankruptcy, surrendered and soon to be discharged in Plaintiffs' bankruptcy, rendering the debt legally uncollectible from Plaintiffs, *in personam*; and

d)    Tex. Fin. Code § 392.302(4) prohibits Defendant from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.   Because Defendant's representatives repeatedly called Plaintiffs to try and collect on the Account, even though Plaintiffs informed the callers that they had surrendered the Property in their bankruptcy and to stop calling, Defendant also violated this section of the TDCA.

35.    Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable for Plaintiffs' actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees.  Also, Plaintiffs' injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiffs to recover punitive damages.

36.    Because of Defendant's conduct, Plaintiffs were forced to hire counsel to pursue this action, and Plaintiffs' recoverable damages include their reasonable attorney's fees incurred in prosecuting this claim.

## VI.  GROUNDS FOR RELIEF- COUNT II

### INVASION OF PRIVACY

37.      Plaintiffs repeat, re-allege, and incorporate by reference the foregoing paragraphs, as if fully rewritten here.

38.      At all pertinent times, Plaintiffs had a reasonable and lawful expectation not to be contacted and harassed by Defendant during the pendency of their bankruptcy.  Thus, Defendant's collection calls to Plaintiffs, and sending of statements and letters were invasions of Plaintiffs' privacy rights.  These wrongful acts of Defendant caused injury to Plaintiffs.

39.      Defendant's wrongful acts were invasions of Plaintiffs' privacy rights and caused injury to Plaintiffs, which resulted in extreme emotional anguish, loss of time and inconvenience. Plaintiffs' injuries resulted from Defendant's malice, which entitles Plaintiffs to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII.  GROUNDS FOR RELIEF – COUNT III

### VIOLATION OF THE AUTOMATIC STAY

40.      Plaintiffs repeat, re-allege, and incorporate by reference the foregoing paragraphs, as if fully rewritten here.

41.      At all material times, Defendant had actual knowledge of Plaintiffs' Bankruptcy Case and of the automatic stay prohibiting any attempt to collect on the Account.

42.      Defendant attempted to collect from Plaintiffs personally on the Account or to get Plaintiffs to take action to benefit the Defendant, as evidenced by Defendant's collection calls it made to Plaintiffs during their Bankruptcy Case, sending of statements and other notices and correspondences to Plaintiffs, and misrepresentations made to Plaintiffs related to and stemming from the foregoing actions.

43.     Defendant violated the part of the Bankruptcy Court's Automatic Stay pertaining to 11 U.S.C. § 362(a)(1) which "operates as a stay, applicable to all entities, of—the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arouse before the commencement of the case under this title;…" regarding all of Defendant's prohibited harassing and collection actions it took at issue during the pendency of the Bankruptcy Case by making the collection calls at issue to Plaintiffs, when Defendant had actual knowledge about Plaintiffs' Bankruptcy Case and the automatic stay, which went into effect when the Bankruptcy Case was filed and prohibited all creditors and debt collectors from contacting Plaintiffs to furtherance of *in personam* collections against Plaintiffs of pre-petition debt during the pendency of the Bankruptcy Case.

44.     Notwithstanding Defendant's knowledge of Plaintiffs' Bankruptcy Case, Defendant failed to cease its *in personam* debt collection activity on the Account and debt at issue when it became aware Plaintiffs filed for bankruptcy protection and while their case was active and pending, as evidenced by Defendant's collection activity at issue during Plaintiffs' Bankruptcy Case.

45.     Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiffs.  After this prima facie showing by Plaintiffs, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiffs must prevail on their claims, and

Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court. Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant. Any allegation of a good faith exception should not be allowed.

46.    There are no exceptions under 11 U.S.C. § 362, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the automatic stay.

47.    Prior to Defendant's actions at issue, Plaintiffs had surrendered the Property pursuant to their confirmed Chapter 13 Plan. The totality of Defendant's pre-discharge actions at issue, as well as the individual actions, constitute violations of the automatic stay as set forth in 11 U.S.C. §§ 362.

48.    The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here. No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

49.    Also, there is no requirement of mitigation on the part of Plaintiffs that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court. Any burdening of Plaintiffs with an obligation to police the misconduct of Defendant would be a complete derogation of the law. It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance. Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any such defense put forth by Defendant in this case can only constitute a claim of

mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

50.     Plaintiffs have been injured and damaged by Defendant's actions, and Plaintiffs are entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. §§ 362 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VIII.  GROUNDS FOR RELIEF- COUNT IV

#### VIOLATION OF THE DISCHARGE INJUNCTION

51.     Plaintiffs repeat, re-allege, and incorporate by reference all paragraphs above, as if set forth herein in their entirety.

52.     At all material times, Defendant had actual knowledge of Plaintiffs' Bankruptcy Case and of the discharge of the debt on the Account.

53.     The Defendant attempted to collect the discharged debt or to get Plaintiffs to take action to benefit the Defendant, as evidenced by its letters, statements and telephone calls made to Plaintiffs when the Defendant was fully aware of both the Plaintiffs' bankruptcy filing and the bankruptcy discharge.

54.     Defendant's actions were willful acts in furtherance of its efforts to collect the discharged debt from Plaintiffs in violation of the discharge injunction imposed by 11 U.S.C. § 524(a). Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiffs to pay the discharged debt. Defendant's failure to comply with the aforesaid laws, despite Defendant being on notice of Plaintiffs' Bankruptcy Case and discharge and the effect of Plaintiffs' discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

-12-

55.    The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiffs in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

56.    Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiffs.  After this prima facie showing by Plaintiffs, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiffs must prevail on their claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

57.    Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . ."

58.    There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

59.    The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint,

none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

60.     Also, there is no requirement of mitigation on the part of Plaintiffs that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiffs with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant.  No defense of failure to mitigate should be allowed.

61.     Plaintiffs have been injured and damaged by Defendant's actions, and Plaintiffs are entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

## IX.  RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

62.     After a reasonable time to conduct discovery in this case, Plaintiffs believe they will be able to show that all actions at issue were taken by employees, agents, servants, or representatives of any type for Defendant in the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all actions at issue under a theory of *respondeat superior* and/or vicarious liability.

## X. DAMAGES

63.     In addition to any damages previously stated hereinabove, the conduct at issue of Defendant has proximately caused Plaintiffs past and future monetary loss, mental distress; emotional anguish, insomnia, and a discernable injury to Plaintiffs' emotional state; and other damages, evidence for all of which will be presented to the jury.  Moreover, dealing with the consequences of Defendant's actions has cost Plaintiffs time and mental energy, which are precious to them.  Because Defendant's harassment was continuous and it failed to stop after repeated cease and desist requests, Plaintiffs were concerned that something had gone wrong with the bankruptcy and were concerned that the debt was somehow not discharged.

64.     Plaintiffs believe that, after reasonable discovery in this case, they will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiffs, with the actual knowledge that such actions were in violation of the law.

65.     Plaintiffs believe that, after reasonable discovery, they will be able to show that Defendant's actions at issue are an integral part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included in the debtors' bankruptcy case.

66.     Plaintiffs believe that, after reasonable discovery, they will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws Defendant is well aware.

67.     Plaintiffs believe that, after reasonable discovery, they will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance

with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts included in bankruptcy.  Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant.  Moreover, Plaintiffs' injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiffs to punitive damages.

68.    Due to Defendant's conduct, Plaintiffs were forced to hire counsel, and their damages include reasonable attorney's fees incurred in prosecuting their claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Marron Maurice McWilliams and Gwendolyn Winett McWilliams pray the Court:

A.    Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, invasion of privacy and violations of the automatic stay and discharge injunction,

B.    Find that appropriate circumstances exist for an award of punitive damages to Plaintiffs,

C.    Award Plaintiffs pre-judgment and post-judgment interest as allowed by law, and

D.    Grant such other and further relief, in law or equity, to which Plaintiffs might show they are justly entitled.

Respectfully submitted,


/s/ James J. Manchee
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFFS


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:
December 9, 2020                              /s/ James J. Manchee
                                             James J. Manchee